UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

VICTORIO C. RIVERA                )
                                  )
        Plaintiff,                )
                                  )
    v.                            )      CIVIL NO.  3:07cv268
                                  )
AUTHORHOUSE, PUBLISHER;           )
AMERICAN ARBITRATION ASS'N,       )
JAMES W. RILEY, JR., and          )
BOSE McKINNEY & EVANS, LLP,       )
                                  )
        Defendants.               )

<u>OPINION AND ORDER</u>

This matter is before the court on a motion to dismiss, stay or transfer the action, filed by

the defendants Author Solutions d/b/a AuthorHouse ("AuthorHouse") and Bose McKinney &

Evans LLP ("BME"), on August 16 2007.  The plaintiff, Victorio C. Rivera ("Rivera"),

proceeding <u>pro se</u>, has not responded to the motion.[1]  On September 4, 2007, AuthorHouse filed

its reply.

Also before the court is a motion to dismiss filed by the American Arbitration

Association ("AAA") and James W. Riley, Jr. ("Riley"), on August 16, 2007.  Rivera has not

responded to this motion.

On September 10, 2007, Rivera filed a "Motion to Strike-Out Defendants' Reply" and on

September 26, 2007, Rivera filed a motion for summary judgment.  The defendants have not

_____

    [1]  On August 27, 2007, Rivera filed a motion pursuant to Fed.R.Civ. P. 8(b), (d), 10(b),
and 11.  As Magistrate Judge Nuechterlein noted in his order dated September 25, 2007, Rivera's
motion is unclear, inappropriate, and not a proper response to a motion to dismiss.   Magistrate
Judge Nuechterlein also directed Rivera to respond to the motions to dismiss by October 17,
2007.

responded to these motions, as they are awaiting a ruling on their motions to dismiss. Also on

September 26, 2007, Rivera filed an objection to Magistrate Judge Nuechterlein's September 25,

2007 order.

Finally, on December 17, 2007, Rivera filed a motion to proceed in forma pauperis and a

petition for extraordinary writ of mandamus.  No responses have been filed with respect to these

motions.

Discussion

On June 7, 2007, Rivera filed a pro se complaint against the defendants alleging

"Conspiracy to 'Cover-Up' Corruptions in the Judicial System of the United States of America".

Rivera alleges in conclusory fashion that all of the Defendants were involved in an

attempt to " cover-up" purported corruption of the United States judicial system. Complaint, ¶27.

The gravamen of Rivera's Complaint is that the Defendants " knowingly and maliciously

conspired against [him] by depriving him of his rights to publish his manuscript entitled

UNEQUAL BALANCE; and deprived him of his rights to market said book as provided in their

Contract or Agreement." Id. Each of Rivera's nine claims is asserted generally against all

Defendants. Rivera alleges that AuthorHouse, a privately-held self-publishing company located

in Bloomington, Indiana, was bribed to prevent Rivera from publishing and marketing his book.

Complaint, ¶20. Rivera also alleges that BME, as attorneys for AuthorHouse, conspired against

him and deprived him of his right to market his book. Complaint, ¶26. Those conclusory

allegations of bribery and conspiracy permeate the Complaint and are extended to all

Defendants.

AuthorHouse and BME contend that Rivera does not allege any factual basis for bringing

2

this action in this judicial district.  AuthorHouse, BME and James W. Riley, Jr. are all residents of the Southern District of Indiana. The Arbitration Proceeding that is part of the subject matter of the Complaint is still pending in the Southern District of Indiana. Thus, the defendants maintain that there is no connection between the events alleged in the Complaint and the judicial district for the Northern District of Indiana. The defendants argue that plaintiff resides in Oregon and has no connection to this judicial district. Complaint, ¶ 4. Thus, the defendants claim that venue in this Court is improper, and this action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3), or, in the alternative, transferred to the United States District Court for the Southern District of Indiana.

The defendants further argue that whether this action proceeds in this Court or another court, Rivera' s claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because Rivera has failed to state a claim upon which relief can be granted. The defendants contend that Rivera has not pleaded facts or legal grounds sufficient to sustain any of the nine claims he purports to bring, and that Rivera's pleadings with respect to AuthorHouse and BME are particularly deficient. Rivera' s claims are summarized as follows:

| Claim | Complaint Paragraphs | Statutory Basis | Description of Clam |
|-------|---------------------|-----------------|---------------------|
| Claim I | ¶¶ 33-34 | 43 U.S.C. § 1983 | Defendants "sabatoged" publication of Rivera's book |
| Claim II | ¶¶ 35-37 | 42 U.S.C. § 1985 | Defendants conspired to preclude publication of Rivera' s book in order to " cover up" corruption in judicial system |
| Claim III | ¶¶ 38-39 | 42 U.S.C. § 1986 | Defendants could have prevented corruption in judicial system, but failed to do so |

| Claim IV | ¶¶ 40-41 | 42 U.S.C. § 1981 | Defendants deprived Rivera of right to make a contract to " cover up" corruption in judicial system |
| Claim V | ¶¶ 42-43 | Ind. Const., Art. 1, sec. 9 | Defendants violated Rivera's Indiana free speech rights |
| Claim VI | ¶¶ 44-45 | Ind. Code § 23-18- 4-9 | Defendants deprived Rivera of right to publish his book by failing to comply with statue governing limited liability companies |
| Claim VII | ¶¶ 46-47 | 28 U.S.C. 1343 | Defendants violated Rivera' s civil rights by depriving him of right to publish his book |
| Claim VIII | ¶¶ 48-49 | U.S. Const.,        Fifth Amend. | Defendants deprived Rivera of due process |
| Claim IX | ¶¶50-51 | U.S. Const., Fourteenth Amend. | Defendants deprived Rivera of due process |

In support of their motion to dismiss, AuthorHouse and BME argue that Rivera agreed to arbitrate his dispute with AuthorHouse.  According to the defendants, this action concerns AuthorHouse' s decision not to publish Rivera' s manuscript for his book, Unequal Balance. AuthorHouse declined to publish Rivera' s manuscript because of the numerous items in it that it believes would constitute copyright violations and would likely be actionable as libelous. *See* Exhibit 3 to the Complaint. The Author Agreement ("Agreement" ) between Rivera and AuthorHouse that forms the basis of Rivera' s claims against AuthorHouse contains an arbitration clause that covers all disputes between AuthorHouse and Rivera. *See, e.g.,* Complaint at ¶30. In the Agreement, Rivera agreed to arbitrate any dispute with AuthorHouse, and thus the defendants argue that he is precluded from bringing this lawsuit against AuthorHouse. Rivera commenced an arbitration proceeding, which remains pending before the American Arbitration Association, and is identified as *Rivera v. AuthorHouse*, Case No. 52 143 00043 07 (the "Arbitration Proceeding" ). Rivera describes and refers to the Arbitration Proceeding in

paragraphs 20-25 of the Complaint.

Rivera failed to attach the Agreement to his Complaint, but makes reference to it or its provisions throughout the Complaint. *See, e.g.,* Complaint at ¶ 27, where reference is made to the

October 6, 2006 "Contract or Agreement" ; Complaint at ¶¶ 30, 33, 38, 52, 53 where Rivera refers to and relies on the Agreement for his claims against all Defendants; and Complaint at ¶¶ 43, 49 and 51, all of which incorporate ¶ 30 by reference.  The defendants have provided the court with a copy of the Agreement.[2]

The Agreement between Rivera and AuthorHouse contains a mandatory arbitration clause applicable to any dispute between Rivera and AuthorHouse. Agreement at ¶ 13. Paragraph 13 of the Agreement states in pertinent part: "Any dispute between the parties MUST be submitted to binding arbitration administered by the American Arbitration Association ("AAA" )." Agreement, ¶ 13 (emphasis in the original). Indeed, Rivera commenced the Arbitration Proceeding that he describes in his Complaint (*see, e.g.,* ¶¶ 20-24), but was dissatisfied, and so commenced this action against AuthorHouse, BME (who are the attorneys for

---

[2] The inclusion of the Agreement does not convert this motion to dismiss into a motion for summary judgment, and this Court may consider the Agreement in ruling on this motion under Fed.R.Civ.P. 12(b). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff' s complaint and are central to the claim. *See Continental Cas. Co. v. American Nat'l Ins. Co.,* 417 F.3d 727, 731 n.2-3 (7th Cir. 2005) (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)); *see also* Fed.R.Civ.P.10(c); *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002). The Agreement is central to Rivera' s claim, and should have been attached to the Complaint.

AuthorHouse in the Arbitration Proceeding), James W. Riley, Jr. (the arbitrator); and the

American Arbitration Association.

The Federal Arbitration Act (the " FAA" ) evidences a strong public policy in favor of

enforcing arbitration agreements such as the Agreement here. *See, e.g., Moses H. Cone Mem'l*

*Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983); *Prima Paint Corp. v. Flood &*

*Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967). The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States
> upon any issue referable to arbitration under an agreement in writing for such
> arbitration, the court in which such suit is pending, upon being satisfied that the
> issue involved in such suit or proceeding is referable to arbitration under such an
> agreement, shall on application of one of the parties stay the trial of the action
> until such arbitration has been had in accordance with the terms of the
> agreement, providing the applicant for the stay is not in default in proceeding
> with such arbitration.

9 U.S.C. § 3.

Indiana law similarly favors enforcement of arbitration agreements. Indiana Code § 34-

57-2-3(a) states: "On application of a party showing an agreement [to arbitrate], and the

opposing party' s refusal to arbitrate, the court shall order the parties to proceed with

arbitration."

*See also American Arbitration Ass'n v. North Miami Cmty. Schs.*, 866 N.E.2d 296, 301 (Ind.

App. 2007); *Roddie v. North. American Mrf'd Homes, Inc.*, 851 N.E.2d 1281, 1284 (Ind. App.

2006); *Homes by Pate, Inc. v. DeHaan*, 713 N.E.2d 303, 306 (Ind. App. 1999) (Indiana has

strong policy in favor of enforcing arbitration agreements). Under Indiana law, when construing

arbitration agreements, every doubt is resolved in favor of arbitration. *Roddie,* 851 N.E.2d at

1284. Once the court is satisfied that the parties contracted to submit their disputes to arbitration,

the court is required by statute to compel arbitration. *Miami Cmty. Schools,* 866 N.E.2d at 301.

6

Here, there is no dispute that the Agreement contains an arbitration clause, and the broad language of the Paragraph 13 of the Agreement evinces the parties' intent to arbitrate " any dispute" between AuthorHouse and Rivera or relating to the Agreement. This mandatory, binding arbitration clause precludes litigation of this matter, at least as to AuthorHouse. Further, the arbitration clause contains mandatory language requiring arbitration before the American Arbitration Association, the use of Indiana law (without regard to its conflict of laws provisions), and venue in Bloomington, Indiana (which is in the Southern District of Indiana). Whether federal or Indiana law is applied, this Court lacks jurisdiction over any dispute Rivera may have with AuthorHouse or pertaining to the Agreement. Thus, this Court will dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1).

The defendants next argue that this court is not a proper venue for the complaint. This action is based on federal question jurisdiction. In actions where jurisdiction is not founded solely on diversity of citizenship, venue is generally proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is
> the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Rivera alleges that, " this action is properly placed in the United States District for the District of Indiana pursuant to 28 U.S.C. § 1391 because [his claims arise] in the District of the State of Indiana." Complaint, ¶ 2. Rivera appears to be unaware that there is no "District of the State of Indiana," and as a *pro se* litigant must be presumed to have brought this action in the "District of the State of Indiana" or in this district in error. The parties' choice of

forum should not be lightly disregarded. *See Dairy Indus. Supply Ass'n v. La Buy,* 207 F.2d 554,

558 (7th Cir. 1953). However, the United States District Court for the Northern District of

Indiana does not qualify as a proper venue for this action under any of the subparts of 28 U.S.C.

1391(b).

Subpart (1) applies only if all defendants reside in the same state. AuthorHouse is a

privately-held publishing house located in Bloomington, Indiana. Complaint, ¶14. The American

Arbitration Association is incorporated in New York, and its headquarters are located in New

York, New York. The Defendants do not all reside in the same state, and therefore, subpart (1)

does not apply.

The facts alleged by Rivera primarily concern actions allegedly taken by governmental

authorities located in Oregon that form the subject matter of Rivera's manuscript or actions

taken by AuthorHouse in Bloomington, Indiana. Rivera's allegations about BME concern

actions it took in defending AuthorHouse in the Arbitration Proceeding pending in the

Southern District of Indiana. Rivera does not allege any act or omission that occurred in the

Northern District of Indiana, but simply alleges that his claims arise in the "District of the State

of Indiana." Complaint, ¶2. No " substantial part of the events . . . giving rise to the claim" are

alleged to have occurred in the Northern District of Indiana. Thus, subpart 2 does not apply.

Subpart 3 applies only if there is no district that can supply a proper venue under subparts

(1) or (2). The Southern District of Indiana would be a proper venue, and therefore subpart (3)

does not apply.

Because Rivera has improperly laid venue in this Court, and not in the Southern District

of Indiana, this action will be dismissed pursuant to Fed.R.Civ.P. 12(b)(3). Venue is improper in

this case, at least as to any claims Rivera has against AuthorHouse, for the additional reason that

the Agreement contains a mandatory forum selection clause that requires this action to be

transferred and adjudicated in the Southern District of Indiana. Agreement at ¶ 13.

The defendants next argue that Rivera's complaint fails to state a claim for which relief

may be granted.  A court may dismiss a complaint only if it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations.

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A plaintiff does not need to make detailed

factual allegations in a complaint. *Bell Atl. Corp., v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

However, a complaint requires more than labels and conclusions, and thus a complaint must do

more to state the grounds of his entitlement to relief. *Id.* at 1964-65. A mere recitation of a cause

of action' s elements does not suffice. *Id.* In assessing the propriety of a motion to dismiss for

failure to state a claim upon which relief can be granted, factual allegations must raise a right to

relief above the speculative level on the assumption that all of the complaint' s allegations are

true. *Id.* at 1965. Rivera' s Complaint fails to meet the most basic requirements of pleading

under the Federal Rules of Civil Procedure. It is not a short and plain statement of the grounds

for the claim showing Rivera is entitled to the relief he seeks. Fed.R.Civ.P. 8(a).

Numerous courts have dismissed complaints that contain little more than conclusory

allegations of civil rights violations or conspiracies. *See, e.g., Burt v. Barry,* 962 F. Supp. 185

(D.D.C. 1997) (claim of conspiracy to violate civil rights against attorney for estate and state

court judge dismissed); *Sadler v. Brown,* 793 F. Supp. 87 (S.D.N.Y. 1992) (conclusory allegation

that city, state and federal officials subjected *pro se* plaintiff to constant surveillance after he

reported possible case of police corruption failed to state civil rights claim); *Picking v. State Fin.*

*Corp.,* 332 F. Supp. 1399 (D. Md. 1971)*, aff'd* 450 F.2d 881, *cert. denied* 405 U.S. 931 (1972)
(plaintiff's conclusory allegation that conspiracy among defendants had deprived her of her civil
rights failed to meet requirement that plaintiff set forth a short and plain statement of the claim
entitling her to relief); *Friedman v. Younger,* 46 F.R.D. 444 (C.D. Cal. 1969) (Conclusory
allegations unsupported by allegations of overt acts in furtherance of conspiracy were
insufficient to constitute a basis for relief).

Rivera asserts that the Defendants "knowingly and maliciously acting under color of the
State of Indiana conspired against plaintiff *pro se* Rivera" and unlawfully "sabotaged" the
execution of the Contract or Agreement." Complaint, ¶33. To state a claim for relief in an
action under 42 U.S.C. § 1983, a plaintiff must establish that (1) he was deprived a right secured
by the Constitution or laws of the United States, and (2) the alleged deprivation was committed
under color of state law. *American. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999);
*Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). If the defendant did not act "under color of state
law," the action against it must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).
In the present case, Rivera pleaded no facts to show that any action attributed to AuthorHouse or
BME was committed under color of state law. Indeed, Rivera has not named any state actors or
pleaded any facts that would show any connection between any Defendant and any state actor.

AuthorHouse, by Rivera's own admission, is a privately-held publishing house
(Complaint, ¶14); BME is a limited-liability partnership of attorneys. Complaint, ¶26. A
plaintiff's bald conclusory allegation that a private entity acted in concert with a state actor does
not suffice to state a § 1983 claim against the private entity. *Spear v. Town of West Hartford*,
954 F.2d 63, 68 (2d Cir. 1992). Accordingly, Claim I of the Complaint will be dismissed

10

for failure to state a claim under § 1983.

Rivera alleges claims under 42 U.S.C. §§ 1981, 1985, and 1986 in Claims IV, II and III, respectively. Specifically, Rivera alleges that the Defendants " knowing and maliciously conspired against plaintiff *pro se* Rivera to unlawfully deprive him of his rights to publish and to market his manuscript . . . ." Complaint, ¶35. Rivera also alleges that he was deprived of his right to make and enforce a contract. Complaint, ¶40. Rivera alleges that he is a native of the Philippines (Complaint, ¶3), and pleads in conclusory fashion that he was discriminated against by all Defendants on the basis of his race, color and national origin in connection with his claim under 42 U.S.C. § 1983. Complaint, ¶33. Rivera pleaded no facts to establish any discriminatory conduct or bias against him. No facts are alleged to support Rivera' s claims under 42 U.S.C. §§ 1981, 1985 and 1986.

To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) the defendant acted with an intent to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (*i.e*., make and enforce contracts, sue and be sued, give evidence, etc.). *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Courts have interpreted this statute only to apply to race discrimination. *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235, 1250 (7th Cir. 1980). To survive a motion to dismiss, a plaintiff' s complaint must assert that the defendants were purposefully discriminatory and the discrimination was racially motivated. *Albert v. Carovano*, 851 F.2d 561, 571-72 (2d Cir. 1988). In the present case,

Rivera did not plead any facts to show that AuthorHouse's or BME's alleged actions were racially motivated. Thus, Rivera has failed to state a claim under § 1981 and Claim IV will be dismissed.

In order to maintain an action under § 1985(3), a claimant must demonstrate: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. *United Bhd. of Carpenters Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). The conspiracy must also be motivated by " some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* at 829. As previously stated, Rivera has not pleaded any facts to show that the alleged conspiracy was motivated by some racial bias or animus against a protected class. Consequently, Rivera has failed to state a claim under § 1985 and Claim II will be dismissed.

Finally, 42 U.S.C. § 1986 provides a cause of action against anyone who " having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." Thus, a § 1986 claim must be predicated upon a valid § 1985 claim. The Seventh Circuit has held that without a violation of § 1985(3), there can be no violation of § 1986. *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1485 (7th Cir. 1985). Rivera failed to allege the requisite elements of a conspiracy under 42 U.S.C. § 1985, and consequently, he cannot state a claim under § 1986 and Claim III will be dismissed.

12

The defendants next argue that they did not deprive Rivera of any constitutional right. Rivera alleges that there is an " implied cause of action" in his favor which would entitle him to damages from the Defendants based on his allegation that the Defendants " knowingly and maliciously deprived plaintiff *pro se* Rivera of his right to speak, write, or " print," freely, on any subject . . . ." Complaint, ¶42. Rivera concludes that all the Defendants have violated Article 1, § 9 of the Indiana Constitution. Article I, § 9 of the Indiana Constitution prohibits the state legislature from passing any law " restraining the free interchange of thought and opinion, or restricting the right to speak, write, or print." *Price v. State*, 622 N.E.2d 954, 958 (Ind. 1993) (quoting Ind. Const. art. I, § 9). The Indiana Court of Appeals more succinctly stated that this provision of the Indiana Constitution is intended " to prohibit Indiana courts, as well as the General Assembly, from abridging the free speech rights of Indiana citizens." *Mishler v. MAC Sys.*, 771 N.E.2d 92, 97 (Ind. App. 2002).

This provision of the Indiana Constitution applies only to the state legislature and courts, not to private individuals. Just as Rivera's federal law claims fail, this claim under the Indiana Constitution fails because there is no connection between any Defendant and any state activity alleged by Rivera. Accordingly, Rivera's Complaint fails to state any claim under Article I, § 9 of the Indiana Constitution, and Rivera's Claim V will be dismissed.

Next, the defendants argue that Rivera has no claim under statutes pertaining to operating agreements for limited liability companies. Rivera asserts that he is entitled to recover from all Defendants for their " neglectful or wrongful conduct" under Indiana Code § 23-18-4-9. Complaint, ¶45.  The statute cited by Rivera pertains to managers or members of Indiana limited liability companies and their rights to limit or allocate liability among them. Rivera does not

allege that he is a manager or a member of any Indiana limited liability company. Rivera does

not allege that any Defendant is a limited liability company. This statute has nothing to do with

any fact alleged by Rivera against any Defendant, and Rivera has no legal basis to recover any

damages from AuthorHouse and BME based on Indiana Code § 23-18-4-4. Therefore, Rivera's

Claim VI will be dismissed.

The defendants also argue that Rivera's invocation of 28 U.S.C. § 1343 fails to state a

claim for relief.  Rivera asserts he is entitled, " by virtue of the Title 28 U.S.C. § 1343 Civil

Rights, to recover from the Defendants all damages resulting from such wrongful neglect or

refusal." Complaint, ¶47. Even if Rivera did suffer damages from Defendants' actions, 28 U.S.C.

§ 1343 is a statute that confers federal jurisdiction for civil actions alleging violations of civil

rights under 42 U.S.C. § 1985. Section 1343 does not provide remedies; it simply supplies a

federal forum for specified civil actions. Thus, Rivera has failed to state a claim for which relief

can be granted, and Claim VII of his Complaint will be dismissed.

Next, the defendants argue that Rivera has stated no claim under the United States

Constitution.  Rivera alleges that the Defendants deprived him of his right to life, liberty, and

property without due process in violation of the Fifth Amendment to the United States

Constitution. Complaint, ¶48. Generally, the Fifth Amendment Due Process Clause applies only

to action taken by the federal government. *See Davis v. Passman*, 442 U.S. 228, 234 (1979).

Rivera does not allege claims against the federal government, but alleges claims only against

private parties, such as AuthorHouse and BME. Courts have applied the Fifth Amendment due

process clause to private individuals when the private parties have made " use of state

procedures with overt, significant assistance of state officials." *Tulsa Prof' l Collection Servs.,*

14

*Inc. v. Pope*, 485 U.S. 478, 486 (1988). As shown above, Rivera's allegations against

AuthorHouse and BME do not include any assertion that the Defendants used state procedures or

received assistance from state officials. Rivera only alleges in conclusory fashion that the

Defendants deprived him of " life, liberty and properties." Complaint, ¶48. Rivera pleaded no

facts to support his conclusory allegations, and indeed his complaint alleges that he was

incarcerated in Oregon by law enforcement agents in Oregon. Rivera does not allege that

AuthorHouse or BME had any

contact or connection to Oregon or officials in Oregon. Further, Rivera has identified no

property taken from him by AuthorHouse or BME. As a result, Rivera utterly fails to state a

claim under the Fifth Amendment against AuthorHouse and BME.

       Rivera's similar claim that he was deprived life, liberty, and property without due

process of law and was denied the equal protection of the laws in violation of the Fourteenth

Amendment fares no better. Complaint, ¶50. The Fourteenth Amendment of the U.S.

Constitution provides in relevant part that no " **state** [shall] deprive any person of life, liberty, or

property, without due process of law; nor deny to any person within its jurisdiction the equal

protection of the laws." U.S. Const. Amend XIV, § 1 (emphasis added). It is well established that

the Fourteenth Amendment " erects no shield against merely private conduct, however

discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Thus, the state must

somehow be responsible for the allegedly unlawful actions taken by the private party. *Id.* at

1004. Before a private party's conduct can be considered state action, there must be a

sufficiently close nexus between the state and the private conduct so that the action "may be

fairly treated as that of the State itself." *Id.* Rivera has not alleged any nexus between the state

and the Defendants; and

thus he has alleged no basis for a claim under the Fourteenth Amendment. Accordingly, Claims

VIII and IX of Rivera' s Complaint should be dismissed for failure to state a claim upon which

relief may be granted.

Lastly, the defendants argue that Rivera's complaint should be dismissed with prejudice

under the doctrine of futility.  Generally, Courts grant leave to amend the complaint after

granting a motion to dismiss the original complaint under Rule 12(b). Rule 15(a) of the Federal

Rules of Civil Procedure provides that " leave shall be freely given when justice so requires."

However, this right is not absolute. *Brunt v. Service Employees Int' l Union*, 284 F.3d 715, 720

(7th Cir. 2002). A district court may deny leave to amend for undue delay, bad faith, dilatory

motive, prejudice, or futility. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *General Elec.*

*Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). There is no need

to grant an opportunity to amend a complaint when the amended complaint would likewise fail

to state a claim for which relief could be granted. *GE Capital*, 128 F.3d at 1085. When

amendment would be futile, the complaint may be dismissed with prejudice. *Id.*

As shown above, Rivera has not stated a claim for relief under any of his nine claims.

The Agreement between AuthorHouse and Rivera that underlies all of his claims establishes that

there are no facts that Rivera could plead that could form the basis of a complaint that would

survive a motion to dismiss. There are no facts to show that the Defendants acted under the

color of state law when they purportedly bribed or " sabotaged" Rivera' s ability to publish and

market his manuscript. There are no facts that Rivera could plead that show AuthorHouse or

BME are anything other than private actors. Similarly, Rivera has no factual basis to allege that

16

AuthorHouse or BME acted in concert with any state actors. As Exhibit 3 to the complaint shows, AuthorHouse, alone, made the decision not to publish Rivera's manuscript because of attendant copyright and libel issues. Furthermore, the Agreement permitted AuthorHouse to discontinue all services if the Author's work contains "illegal, unlawful or objectionable material." Agreement, ¶2.4. AuthorHouse's decision not to publish the manuscript – not conspiracies or cover ups or bribery – forms the basis of all of Rivera's claims in this action. No amendment to the complaint can change these facts, and thus amendment of Claim I would be a futile act.

Similarly, Rivera's civil rights claims will be dismissed with prejudice because he can not allege any set of facts to state a claim for which relief can be granted under 42 U.S.C. §§ 1981, 1985, and 1986 (Claims IV, II, and III, respectively). Rivera's allegations in the complaint and Exhibit 3 show that AuthorHouse discontinued services to Rivera based on copyright and libel issues with Rivera's manuscript. Rivera cannot demonstrate the decision was racially motivated. Thus, allowing Rivera to amend his complaint as to Claims II, III and IV would be futile, and will be dismissed with prejudice.

Rivera alleges an "implied cause of action" under the Indiana Constitution, Art. I, § 9. Rivera's claim lacks a legal foundation, and furthermore, Article I, § 9 of the Indiana Constitution applies only to the Indiana General Assembly and Indiana courts. Granting Rivera leave to amend this Complaint as to Claim V would also be an act in futility and thus this claim will be dismissed with prejudice.

Rivera asserts that he is entitled to recover from all Defendants for their "neglectful or wrongful conduct" under Indiana Code § 23-18-4-9. As previously shown above, this statute

pertains to managers or members of Indiana limited liability companies. No amount of repleading can change the facts that Rivera is not a manager or a member of any Indiana limited liability company and no Defendant is a limited liability company or a member or manager of such a company.  Thus, Claim VI will be dismissed with prejudice.

Rivera's claim that he is entitled to recover all damages under 28 U.S.C. § 1343 because the Defendants deprived him of his right to publish his manuscript (Claim VII, Complaint, ¶¶ 46-47) will also be dismissed with prejudice. Section 1343 of Title 28 does not provide any remedies; thus, no matter what facts Rivera might assert in an amended complaint, he could not state a claim for which relief could be granted under § 1343.

Finally, there is no reason to permit Rivera to amend his Claims VIII and IX that the Defendants deprived him of any substantive or procedural right in violation of the Fifth Amendment or the Fourteenth Amendment of the United States Constitution. As shown above, the Fifth Amendment and Fourteenth Amendment generally apply to actions taken by governmental actors. The only facts pleaded by Rivera that pertain to actions by governmental authorities occurred in Oregon and relate to the subject of his manuscript. Complaint, ¶¶ 5-12. Rivera alleges those actions occurred long before he contacted AuthorHouse to try to publish his book and before BME appeared to represent AuthorHouse in connection with Rivera's dispute with AuthorHouse. Those facts have nothing to do with AuthorHouse or BME or AuthorHouse' s decision not to publish the manuscript. Thus, Claims VIII and IX of Rivera' s Complaint will be dismissed with prejudice.

The court will now turn to the motion to dismiss filed by the AAA and Riley .  Riley is the independent arbitrator involved in Rivera's Arbitration Proceedings.  Rivera has accused the

18

AAA of having been bribed to refuse to publish Rivera's manuscript entitled Equal Balance, and to not allow Rivera three arbitrators to hear his case.  Rivera alleges that Riley "knowingly and maliciously conspired against . . . Rivera to cover-up corruptions in the Judicial System of the United States of America . . . ."

In support of their motion to dismiss, the AAA and Riley state that they are neutrals in this case and that the only acts undertaken by them were to accept filings, to conduct one telephonic scheduling conference, and to issue one order denying Rivera's motion for a more definite statement as not supported by the arbitration rules.  The AAA and Riley stress that they remain willing to proceed with the arbitration.  The AAA and Riley argue that Rivera's complaint should be dismissed based on the doctrine of arbitral immunity and also because it is prohibited by the arbitration rules.

More than 20 years ago, the Seventh Circuit Court of Appeals recognized the need for quasi-judicial immunity for private arbitrators. In *Tamari v. Conrad,* 552 F.2d 778, 781 (7th Cir. 1977), this Court stated: "Defendants [arbitrators] have no interest in the outcome of the dispute between Tamari and Bache, and they should not be compelled to become parties to that dispute."

Since the *Tamari* decision, various Courts of Appeal have considered whether the quasi-judicial immunity of arbitrators also extends to the organizations that sponsor arbitrations and have concluded that it does. As stated by the Court of Appeals for the *Sixth Circuit in Corey v. New York Stock Exch.,* 691 F.2d 1205 (6th Cir. 1982):

> The functional comparability of the arbitrators' decision-making process and judgments to those of judges and agency hearing examiners generates the same need for independent judgment, free from the threat of lawsuits. Immunity furthers this need. As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants.

. . . .
Extension of arbitral immunity to encompass boards which sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illusionary. It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association.

*Id.* at 1211.

The Courts of Appeal for other Circuits have also so held, rejecting claims brought under a variety of theories against the arbitration-sponsoring organization. See, e.g., *New England Cleaning Servs., Inc., v. American Arbitration Ass'n,* 199 F.3d 542,  543 (1st Cir. 1999) (claimed violations of Massachusetts law dismissed); *Austern v. Chicago Bd. Options Exch.,* 898 F.2d 882 (2d Cir. 1990) (variety of theories, including violation of the Illinois and U.S. Constitutions, dismissed); *Hawkins v. National Ass'n of Sec. Dealers,* 149 F.3d 330 (5th Cir. 1998) (claims of bias, failure properly to administer arbitration hearings and conspiracy dismissed); *Corey*, 691 F.2d at 1208 (claim of conspiracy to deprive plaintiff of a fair hearing dismissed); *Honn v. National Ass'n of Sec. Dealers, Inc.,* 182 F.3d 1014 (8th Cir. 1999) (various state and federal claims alleging deprivation of a fair and expeditious arbitration dismissed); *Olson v. National Ass'n of Sec. Dealers,* 85 F.3d 381 (8th Cir. 1996) (claims of breach of contract, fraudulent misrepresentation, negligent processing of arbitration, gross negligence, breach of warranty and intentional infliction of emotional distress dismissed)

Furthermore, the arbitration rules accepted by Rivera when he contracted with AuthorHouse prohibit the Complaint.  As noted above, Defendants AuthorHouse and BME have established that the Author Agreement between Rivera and AuthorHouse compels arbitration:

Any dispute between the parties MUST be submitted to binding arbitration administered by the American Arbitration Association ("AAA") to take place in Bloomington, Indiana, before one arbitrator in accordance with the Commercial

Arbitration and Mediation Procedures of the AAA . . . .

Author Services Agreement, para. 13.  Furthermore,  the AAA rules state:

> (b) Neither the AAA nor any arbitrator in a proceeding under these rules is a
> necessary or proper party in judicial proceedings relating to the arbitration.
> . . . .
> (d) Parties to an arbitration under these rules shall be deemed to have consented that
> neither the AAA nor any arbitrator shall be liable to any party in any action for
> damages or injunctive relief for any act or omission in connection with any
> arbitration under these rules.

*See, e.g., Int'l Med. Group, Inc. v. Am. Arbitration Ass'n,* 149 F. Supp. 2d 615, 627 (S.D.

Ind. 2001), *affirmed Int'l Med. Group, Inc. v. Am. Arbitration Ass'n*, 312 F.3d 833 (7th Cir.

2002), *cert. denied Int'l Med. Group, Inc. v. Am. Arbitration Ass'n,* 540 U.S. 822 (U.S. 2003).

Thus, it is clear that Rivera waived the right to initiate an action against AAA and Riley.

AAA and Riley were functioning only as neutrals, and those functions are immune to

challenge by Rivera. Consequently, the Complaint against AAA and Riley should be dismissed.

The AAA and Riley also point out that the complaint should be dismissed because of improper

venue, as set out above.

Next, the court will consider Rivera's motion to strike, in which he claims that this court

lacks subject matter jurisdiction to consider AuthorHouse and BME's  reply in support of their

motion to dismiss.  Rivera cites to Rule 7(a) of the Federal Rules of Civil Procedure which sets

forth which pleadings are permitted to be filed.  Apparently Rivera is of the mistaken belief that

the reply is a pleading.  The reply is not a pleading; it is a brief in support of a motion.  Thus,

Rule 7(a) is not applicable and Rivera's motion to strike will be denied.

The court will briefly discuss Rivera's motion for summary judgment.  In support of his

motion, Rivera states that "[t]here is no genuine issue of material fact for trial for failure or

refusal of all defendants named above, to appear, plead or otherwise defend against plaintiff pro se Rivera's Complaint of conspiracy to "COVER-UP" corruptions in the Judicial System of the United States of America."  Rivera's entire motion is based on his misperception that the defendants have not filed an answer within the time limit provided in the Federal Rules of Civil Procedure.  However, as Magistrate Judge Nuechterlein fully explained in his order dated September 25, 2007, the defendants are not required to file an answer because they filed motions to dismiss.  See Fed. R. Civ. P. 12(a)(4)(a) (service of a motion to dismiss pursuant to Fed.R.Civ.P. 12 postpones the need to file an answer until 10 days after notice of court action on the motion to dismiss).  Accordingly, Rivera's motion for summary judgment will be denied.

Likewise, Rivera's objection to Magistrate Judge Nuechterlein's order dated September 25, 2007 is denied.  This order denied Rivera's "motion for more definite statement" in which Rivera sought relief under Rules 8(b), 8(d), 10(b) and 11.  The basis of Rivera's motion was his mistaken belief that the defendants had failed to timely answer his complaint.  As Magistrate Judge Nuechterlein correctly explained, however, the defendants' responsibility to answer the complaint has been tolled until this court resolves the pending motions to dismiss.

The court will now discuss Rivera's "Petition for Extraordinary Writ of Mandamus".  This petition appears to be directed to the Supreme Court of the United States, yet was filed in this court.   Rivera's petition is based on the fact that he has been filing cases in various courts since 1977 and not one of them has ever been heard on the merits.  Rivera thus believes that all of the courts he has made filings in are in a conspiracy to violate his constitutional rights.  Although the petition is somewhat unclear, it appears that Rivera is  requesting that the Supreme Court of the United States direct the lower courts to render a decision on the merits in his cases.

Clearly, Rivera has filed his petition in the wrong court.  The Supreme Court of the United States is located in Washington, D.C., not in Indiana.  Moreover this court has no authority to direct any other court to rule on a case.  Therefore, Rivera's petition will be denied.

Lastly, Rivera has filed a motion to proceed without the prepayment of fees or costs. This motion is also directed to the Supreme Court of the United States.  As this court has no jurisdiction over Rivera's motion, the motion will be denied.

<u>Conclusion</u>

On the basis of the foregoing:

(1)      the motion to dismiss (DE 20) filed by AuthorHouse and Bose McKinney & Evans is hereby GRANTED,

(2)      the motion to dismiss (DE 22/23) filed by the American Arbitration Association and James W. Riley, Jr is hereby GRANTED,

(3)      Rivera's motion to strike (DE 31) is hereby DENIED,

(4)      Rivera's motion for summary judgment (DE 33) is hereby DENIED,

(5)      Rivera's objection (DE 34) to Magistrate Judge Nuechterlein's September 25, 2007 order is hereby DENIED,

(6)      Rivera's petition for extraordinary writ of mandamus (DE 35) is hereby DENIED, and

(7)      Rivera's motion to proceed in forma pauperis (DE 36) is hereby DENIED.

This case is hereby DISMISSED WITH PREJUDICE with respect to all defendants.


Entered: January 10, 2008.


s/ William C.  Lee
William C. Lee, Judge
United States District Court